(Pleito No. 174.—Fallado en Febrero 25 de 1902.)

BENVENUTTI contra EL REGISTRADOR DE LA PROPIEDAD.

SOLICITUD de un *Mandamus.*

ANOTACION DE HIPOTECA.   Cuando más de una finca rústica están agrupadas en una escritura hipotecaria, distribuyéndose en ella el crédito hipotecario sobre las referidas porciones de terreno para responder cada una de ellas de una cantidad determinada del capital, procede su inscripción en el Registro de la Propiedad bajo las mismas condiciones establecidas, sin que por ello se entienda responsable la finca agrupada en su totaliddad al pago de toda la deuda, y sin necesidad de ningún otro documento nuevo.

RESOLUCIÓN.

Puerto Rico, Febrero veinte y cinco de mil novecientos dos.—Visto el presente recurso gubernativo interpuesto por el Abogado Don Luis Campillo y Abrams á nombre de Don Tomás Benvenutti contra negativa del Registrador de la

Propiedad de Mayagüez á inscribir una escritura de hipoteca voluntaria.—Resultando: Que por escritura pública otorgada en el barrio de Naranjales, término municipal de Las Marías, del partido Judicial de Mayagüez, ante el Notario de esta última Ciudad, Don Juan Zacàrías Rodríguez, en quince de Enero de mil ochocientos noventa y seis, Don Pablo Coronado y Laracuenta reconoció deber á Don Tomás Benvenutti y Olivari la suma de seis mil pesos, moneda provincial, en calidad de préstamo, y se comprometió á devolvérselo en los plazos que se determinan en la misma escritura, hipotecándole á la seguridad del pago tres fincas rústicas de su propiedad, que se describen en el propio documento, especificándose la cantidad de que cada una de ellas debía responder del principal y de quinientos pesos más que se calcularon para costas en caso de reclamación judicial, y conviniéndose además que, careciendo el deudor Don Pablo Coronado de título inscrito de las fincas hipotecadas, promovería el correspondiente informativo posesorio para inscribirlas, y que una vez inscritas, se procedería á inscribir la escritura hipotecaria de que se ha hecho referencia.—Resultando: Que posteriormente ó sea, por acta Notarial otorgada en la propia Ciudad de Mayagüez, á primero de Febrero de mil novecientos uno, y ante el Notario de la misma Don Mariano Riera Palmer, manifestó el acreedor Don Tomás Benvenutti y Olivari que, habiendo sido inscritas las tres fincas rústicas hipotecadas bajo un solo número, ó como una sola finca, en el Registro de la Propiedad, á virtud del informativo que promoviera el deudor Don Pablo Coronado para acreditar la posesión de las mismas, y poder inscribirlas en cumplimiento de lo convenido en la escritura hipotecaria, debía ésta inscribirse sobre la finca expresada, por estar formada de las tres fracciones hipotecadas en la referida escritura; y que presentada ésta, en unión del acta notarial de que se ha hecho mérito en el Registro de la Propiedad, para su inscripción, la denegó el Registrador, según nota puesta al pie de la propia escritura, que transcrita literalmente dice así: "No

admitida la inscripción del precedente documento, porque, constituída la hipoteca sobre tres fincas distintas, aparece inscrita á nombre del deudor una sola, aunque formada por aquellas tres. Y si bien se acompaña un acta aclaratoria describiendo la finca agrupada y declarando que sobre ella debe entenderse constituída la hipoteca, antes referida, dicha acta aparece otorgada sólo por el acreedor que carece de personalidad para ello, sin consentimiento ni intervención del deudor. Y no pareciendo subsanable dicho defecto, no procede tampoco tomar anotación preventiva."

Resultando: Que notificada la precedente nota al presentante de dicho documento, como manifestara su inconformidad con la negativa del Registrador, los elevó éste con su informe para la resolución correspondiente á este Tribunal Supremo, ante el que compareció, también por escrito y dentro del término legal, el Abogado Don Luis Campillo y Abrams á nombre del interesado Don Tomás Benvenutti y Olivari interponiendo en forma el recurso gubernativo contra la calificación del Registrador, y pidiendo se revoque y se declare inscribible la referida escritura en la forma propuesta, y acompañando en corroboración de sus alegaciones una certificación literal expedida por el mismo Registrador de la Propiedad del asiento relativo á la inscripción del posesorio de referencia, y de la cual resulta, que, efectivamente, las tres fincas rústicas hipotecadas en la escritura de que se trata, habían sido agrupadas por el deudor Don Pablo Coronado en el posesorio que promoviera para inscibirlas bajo un solo número ó como una sola finca, como lo verificó, pero especificándose en la inscripción las tres porciones de terrenos que la componían, las que se deslindan separadamente, como lo habían sido en la escritura hipotecaria, y determinándose la responsabilidad á que cada una de ellas estaba afecta por virtud de la misma escritura.— Siendo Ponente el Presidente del Tribunal Don José S. Quiñones.—Considerando: Que la agrupación de las tres fincas rústicas, del deudor Don Pablo Coronado en una sola,

no altera ninguna de las condiciones establecidas en la escritura hipotecaria de quince de Enero de mil ochocientos noventa y seis, y habiendo sido distribuído en ella el crédito hipotecario de Don Tomás Benvenutti sobre las tres referidas porciones de terreno para responder cada una de ellas de una cantidad determinada del capital y de la suma calculada para costas, no hay precepto alguno en la Ley Hipotecaria que se oponga á la inscripción de dicha escritura sobre la finca de referencia, bajo las mismas condiciones establecidas, ó sea, para responder cada una de las porciones de terreno que componen la finca agrupada de la misma cantidad asignada respectivamente á cada una en la escritura hipotecaria, sin que por ello se entienda responsable la finca agrupada en su totalidad al pago de toda la deuda, como supone el Registrador de la Propiedad, y sin necesidad de ningún otro nuevo documento; todo sin perjuicio de lo establecido en los artículos 120 y 121 de la Ley Hipotecaria vigente.—Se revoca la nota denegatoria puesta por el Registrador de la Propiedad de Mayagüez al pie de la escritura hipotecaria de que se trata en el presente recurso, y el Registrador proceda á inscribirla en la forma correspondiente; sin especial condenación de costas. Y con devolución de los documentos presentados, remítase al expresado Registrador copia certificada de la presente resolución, que se publicará, además, en la *Gaceta Oficial,* para su cumplimiento y demás efectos.—Así lo acordaron y firman los señores del Tribunal, de que certifico.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—J. H. McLeary.—E. de J. López Gaztambide, *Secretario.*